# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JEAN LYNN LILLIE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, *et al.*,<br><br>　　　　Defendants. | No. C22-4012-LTS-KEM<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |
| JEAN LYNN LILLIE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KURT PAULSEN, TROY WIDMAN, and LINDSEY WIDMAN,<br><br>　　　　Defendants. | No. C22-4016-LTS-KEM<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |
| JEAN LYNN LILLIE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, WOODBURY COUNTY, KIM REYNOLDS, and CHAD SHEEHAN,<br><br>　　　　Defendants. | No. C22-4017-LTS-KEM<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

| JEAN LYNN LILLIE,<br><br>    Plaintiff,<br><br>vs.<br><br>MARC CORD and ATHENA LADEAS,<br><br>    Defendants. | No. C22-4019-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |
|---|---|
| JEAN LYNN LILLIE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, LOUIS DEJOY, CARRIE ROSAUER, and TAMMY REIMER,<br><br>    Defendants. | No. C22-4020-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |
| JEAN LYNN LILLIE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITY POINT HEALTH – ST. LUKES, *et al.*,<br><br>    Defendants. | No. C22-4024-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

JEAN LYNN LILLIE,

    Plaintiff,

vs.

STATE OF IOWA, DOC CENTRAL OFFICE, BETH SKINNER, MAUREEN HANSEN, and MATT KUNZE,

    Defendants.

No. C22-4027-LTS-KEM

**MEMORANDUM OPINION AND ORDER**

___

    This matter is before me pursuant to seven cases filed by pro se plaintiff Jean Lynn Lillie. In the first case, C22-4012-LTS, Lillie filed a motion to proceed in forma pauperis (C22-4012-LTS, Doc. 1), a 42 U.S.C. § 1983 complaint (C22-4012-LTS, Doc. 1-1), a supplement to the complaint (C22-4012-LTS, Doc. 2) and a motion for a preliminary injunction (C22-4012-LTS, Doc. 3). In the second case, C22-4016-LTS, Lillie filed a motion to proceed in forma pauperis (C22-4016-LTS, Doc. 1) and a 42 U.S.C. § 1983 complaint (C22-4016-LTS, Doc. 1-1). In the third case, C22-4017-LTS, Lillie filed a motion to proceed in forma pauperis (C22-4017-LTS, Doc. 1) and a 42 U.S.C. § 1983 complaint (C22-4017-LTS, Doc. 1-1). In the fourth case, C22-4019-LTS, Lillie filed a motion to proceed in forma pauperis (C22-4019-LTS, Doc. 1), a 42 U.S.C. § 1983 complaint (C22-4019-LTS, Doc. 1-1) and a supplement to the complaint (C22-4019-LTS, Doc. 2). In the fifth case, C22-4020-LTS, Lillie filed a motion to proceed in forma pauperis (C22-4020-LTS, Doc. 1), a 42 U.S.C. § 1983 complaint (C22-4020-LTS, Doc. 1-1) and a filing that the Clerk's office docketed as correspondence (C22-4020-LTS, Doc. 2). In the sixth case, C22-4024-LTS, Lillie filed a motion to proceed in forma pauperis (C22-4024-LTS, Doc. 1), a 42 U.S.C. § 1983 complaint (C22-4024-LTS, Doc. 1-1) and a submission the Clerk's office docketed as a pro se supplement to the motion to proceed in forma pauperis (C22-4024-LTS, Doc. 2). In the seventh case, C22-4027-LTS, Lillie

filed a motion to proceed in forma pauperis (C22-4027-LTS, Doc. 1) and a 42 U.S.C. § 1983 complaint (C22-4027-LTS, Doc. 1-1).

## I. *MOTION TO PROCEED IN FORMA PAUPERIS*

Lillie did not pay the statutory filing fee in any of these cases. *See* 28 U.S.C. § 1914(a) (requiring filing fee).[1] In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In each case, Lillie filled out the standard form to apply to proceed in forma pauperis in which she lists no wages, some gifts, and various financial obligations. Lillie's motions to proceed in forma pauperis (C22-4012-LTS, Doc. 1; C22-4016-LTS, Doc. 1; C22-4017-LTS, Doc. 1; C22-4019-LTS, Doc. 1; C22-4020-LTS, Doc. 1; C22-4024-LTS, Doc. 1, and C22-4027-LTS, Doc. 1) are **granted**.

## II. *INITIAL REVIEW STANDARD*

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2).

In reviewing an in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504

---

[1] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52. . .").

4

U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. INITIAL REVIEW ANALYSIS

A. *§ 1983 Standard*

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation

5

of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  *Lillie's Cases*
   1.   *C22-4012-LTS*

In Lillie's first case, she names as defendants the State of Iowa, Woodbury County, Woodbury County Contractors for Health Care, Unity Point Health, Iowa Judicial Branch District 3B, Woodbury County Clerk of Court, Court Attendant, Court Reporters and 29 individual named defendants. C22-4012-LTS, Doc. 1-1, at 2-3. Lillie alleges that the defendants violated, among other things, her First, Second, Third, Fourth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. *Id.* at 5. She asserts that the State of Iowa, Woodbury County and the Woodbury County Sheriff "wrongfully obtained needless warrant by perjury to drive a military tank onto [the] lawn of plaintiff's property, shoot her house, shoot at her, pummel her person, brutalize, batter, crush her body, fracturing [her] spine and pelvis." *Id.* at 6. Lillie also references video camera recordings and contact with her sister, but the complaint is unclear how that relates to her general allegations that her rights were violated. *Id.* Lillie also attaches to her complaint 16 handwritten pages stating there are unresolved matters in the Iowa courts related to a misdemeanor case, disputing the bond process, referencing a tolling of the statute of

6

limitation, and asserting that defendants violated her right to a speedy trial. *Id.* at 9-24. A review of the relevant publicly available state court records reveals that, in *State v. Lillie,* 03971 AGCR 107672 (Woodbury Cnty., Iowa 2020), Lillie was charged with assault while displaying a dangerous weapon and that case is currently on appeal. In the present case, Lillie's requests for relief include an injunction and damages, including $2 billion in punitive damages. C22-4012-LTS, Doc. 1-1, at 7.

A pro se litigant "is not excused from complying with procedural rules, including Federal Rule of Civil Procedure 8, which requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam) (citation omitted). Lillie has failed to allege how each defendant violated her rights. Instead, she has made a series of general conclusory accusations untied to individual defendants in her complaint. For example, "[d]efendants illegally did their pattern of terrorism, torture, toxic stress, trouble, costs, losses, encumbering actions befitting the obvious 'secret government program' they are doing toward plaintiff and her family.'" C22-4012-LTS, Doc. 1-1, at 17. Most defendants are simply listed in the caption and never appear again in the complaint. Lillie has failed to allege facts giving rise to any plausible claims against defendants. S*ee Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating a claim requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."); *see also Kaylor v. Fields,* 661 F.2d 1177, 1183 (8th Cir. 1981) (stating that a "complaint must contain something more than mere conclusory statements that are unsupported by specific facts").

To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010); *see also Stone,* 364 F.3d at 914 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced.") (citation omitted); *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984)

7

("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."). Lillie has failed to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2). Therefore, her complaint in C22-4012-LTS is **dismissed**.

Even if the complaint had been sufficiently pled, any claims related to the on-going misdemeanor case are likely barred either by *Younger* abstention or the *Rooker-Feldman* doctrine. "Under current *Younger v. Harris* doctrine, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (internal citations omitted). Accordingly, *Younger* abstention prevents prospective, injunctive relief against state actors carrying out court ordered decisions. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 411 (E.D. Pa. 2013), at 411 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

Meanwhile, "[t]he *Rooker–Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (internal citations omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 283–84 (2005). Unless the state court decision related has been invalidated, the federal court cannot act as 'super' appeals court.

> Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983); *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296, 90 S. Ct. 1739, 26 L.Ed.2d 234 (1970); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). *See also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995); *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994).

*Owens v. Welch*, Civil No. 09-2011, 2009 WL 1203716, at *3 (W.D. Ark. 2009) (unpublished). The Eighth Circuit noted that "[a]n important consideration for a court confronted with the issue of whether *Rooker-Feldman* applies is to analyze 'the effect the requested federal relief would have on the state court judgment.' *See Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004)." *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 816 (8th Cir. 2019). Although it is difficult to discern what constitutes Lillie's allegations given her vague, conclusory statements, she appears to contest the bond review process in the Iowa state courts and whether the state violated her right to a speedy trial. She also requests some sort of injunction. That relief, if granted, would invalidate state court judgments and are prohibited by the *Rooker-Feldman* doctrine.

In addition, claims against many defendants are barred because they are not proper § 1983 defendants and immune from suit. 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. Therefore, the proper defendant in a § 1983 action is the specific person who is alleged to have committed a constitutional violation. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989).[2] The State of Iowa is immune from suit, and Lillie also has failed to make any claim against Woodbury County that would survive summary dismissal. In addition, Unity Point Health, for example, is a network of health care providers and hospitals, and there is no indication that it was acting under the color of state law. The same is true of its employees. Moreover, the judges, county attorney, and public defender are entitled to immunity because Lillie appears to be complaining about each performing their traditional functions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) ("[A] judge is entitled to

---

[2] Municipalities, however, may be found liable in a § 1983 case under limited circumstances, pursuant to the rationale articulated in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). *See Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007).

9

absolute immunity if the acts complained of were 'judicial acts' and were not taken in the 'clear absence of all jurisdiction.'") (citation omitted); *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266–67 (8th Cir.); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

For all of the reasons detailed above, I find that Lillie's complaint fails to state any claim upon which relief may be granted. Because all of her claims are **dismissed**, I **deny** Lillie's motion for a preliminary injunction (C22-4012-LTS, Doc. 3) as moot.

### 2. *C22-4016-LTS*

In Lillie's second case, she sues Kurt Paulsen, Troy Widman, and Lindsey Widman in their individual capacities and does not assert that they are state actors. C22-4016-LTS, Doc. 1-1, at 2-3. Lillie alleges, among other things, that the defendants committed acts of war against her, colluded with the State, and committed perjury by lying in depositions taken by her attorneys in 2020. *Id.,* at 4-5. As previously noted, 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. Here, Lillie offers no support that these individuals are state actors or acted under color of state law; she simply states that they colluded with the State. In addition, plaintiff again fails to satisfy Federal Rule of Civil Procedure 8(a)(2). Therefore, this complaint is **dismissed** without prejudice.

### 3. *C22-4017-LTS*

Lillie's complaint in C22-4017-LTS (Doc. 1-1) alleges that defendants violated her First, Second and Fourth Amendment rights and violated "[f]ederal HIPAA law, illegal wire-tapping statute, eavesdropping statute, statutes against torture or terrorism by the state and theft of intellectual property." C22-4017-LTS, Doc 1-1, at 4. She sues the State of Iowa, Woodbury County, Governor Kim Reynolds, and Sheriff Chad Sheehan in their official capacities. She asserts, among other things, that the defendants "literally

10

waged war against" her and "unconstitutionally made plaintiff's private property infested with destructive disease-carrying large rodents" and attempted to murder her. *Id.* at 6. Lillie's complaint, consisting of general and conclusory allegations, fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2). In addition, the State of Iowa is immune from suit, and Lillie also has failed to make any claim against Woodbury County that would survive summary dismissal. Moreover, the remaining defendants are immune from suit in their official capacities. *See Will*, 491 U.S. at 71. Lillie's complaint in this case is **denied** without prejudice.

### 4. *C22-4019-LTS*

Lillie's complaint in C22-4019-LTS (Doc. 1-1) alleges that the State of Iowa, Judge Mark Cord, and Woodbury County Assistant Attorney Athena Ladeas violated her First, Second, Fourth, Sixth, Eighth and Fourteenth Amendment rights and committed "illegal wire-tapping, eavesdropping, privacy, theft of intellectual property, discrimination gender, religion, etc." C22-4019-LTS, Doc. 1-1, at 1-3. Lillie asserts that Judge Cord "habitually displayed gross prejudice" against her and "was abusive and discriminatory to plaintiff for 23 consecutive months, violating her rights, protections, privacy, liberties and humanity." *Id.* at 4. She asserts that Ladeas "violated [her] rights habitually, committed perjury eight times in court to rob [her]of liberty, mitigate state and county's liability and do their ongoing covert and overt torture and terrorism." *Id.* She also contends that "[t]he State of Iowa, including the judicial branch, prosecutors, cops, politicians have violated the law, Constitution, their oaths of office, rights, liberties, privileges and protections of [her]." *Id.* at 5.

Again, this case appears to relate to the State's prosecution of Lillie on a misdemeanor charge in AGCR107672, specifically a bond review hearing in that case on April 10, 2020. *Id,* at 5. Lillie calls the hearing "a makeshift mess of violations of [her] rights" and "prejudicial" but offers scant details or factual support. *Id.,* at 5, 6. She expresses concern that the hearing was on-line and her attorney appeared via cell phone

from a different state. She also contends that the State refuses to release some hearing recordings. *Id.* at 7. For relief, Lillie seeks more than $2 billion in damages, an order that the state produce hearing and trial recordings, and "issue injunctive relief for plaintiff." *Id.* at 8.

Once again, Lillie's complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2). In addition, the State of Iowa is immune, as are defendants in their official capacities. Even if the complaint had been sufficiently pled, any claims related to the on-going misdemeanor case, as explained above, are barred either by *Younger* abstention or the *Rooker-Feldman* doctrine. Moreover, the complaint is time-barred because it was filed more two years after the April 10, 2020 hearing about which Lillie complains. Section 1983 claims are governed by the relevant state's personal injury statute of limitations. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). In Iowa, § 1983 actions are subject to a two-year statute-of-limitations. *See* Iowa Code § 614.1(2). For any of the above reasons, I must **dismiss** her complaint with prejudice.

### 5. *C22-4020-LTS*

In Lillie's fifth case, she sues the United States Postal Service, Postmaster General Louis DeJoy, and two USPS mail carriers, Carrie Rosauer and Tammy Reimer, in their official capacity. C22-4020-LTS, Doc. 1-1, at 2-3. Lillie asserts claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971).[3] She alleges that defendants violated her "civil rights, right to property-Fourth Amendment, security, privacy, First Amendment, speech, free exercise, redress, Second Amendment, Eighth Amendment, excessive bail,

---

[3] *Bivens* allows persons claiming a constitutional violation to assert a monetary claim against individuals working for the federal government. "The effect of [*Bivens*] was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous, to [a 42 U.S.C.] § 1983 action against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980); *see also Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1337–38 (9th Cir. 1987).

cruel and unusual punishment, Fourteenth Amendment equal protection, due process, etc." *Id.* at 3. Once again, Lillie offers merely conclusory and vague allegations that are difficult to discern and that do not support a cognizable claim. She fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2), and therefore her complaint is **dismissed** without prejudice.

### 6. *C22-4024-LTS*

In Lillie's sixth case, she sues Unity Point Health Corporation, Unity Point Health – St. Luke's, Unity Point Health - Fort Dodge and Sioux City Regions, and 8 employees of Unity Point, in their individual capacities. C22-4024-LTS, Doc. 1-1, at 4-5. Lillie alleges, among other things, that the defendants "maliciously injured" her and "tried to cover up injuries" that the State of Iowa, Woodbury County, and the Woodbury County Sheriff caused her. *Id,* at 6. She also accuses them of libel. Unity Point Health is a network of health care providers and hospitals. There is no indication that any of the defendants are state actors or were acting under the color of state law. In addition, Lillie's claim also is barred by Federal Rule of Civil Procedure 8(a)(2) because her complaint fails to include a short and plain statement showing that she is entitled to relief. Therefore, Lillie's claim is **denied** and this case is **dismissed**.

### 7. *C22-4027-LTS*

In Lillie's seventh case, she sues the State of Iowa, DOC Central Office, and 3 DOC employees in their official capacity: Beth Skinner, Maureen Hansen, and Matt Kunze. C22-4027-LTS, Doc. 1-1, at 2-4. Lillie alleges that the "[d]efendants violated the Constitution of the United States and other laws – federal or state law and the rights and legal protections guaranteed to plaintiff; First, Fourth, Fifth, Fourteenth, privacy, property, wire-tapping, electronic crimes, defamation, libel, right to be presumed innocent." *Id.,* at 3. She contends, among other things, that defendants "habitually used the military special operations forces combat war weapon of psychological warfare"

13

during a 488-day pre-trial period. *Id.,* at 6. Again, Lillie's claims are barred by Federal Rule of Civil Procedure 8(a)(2) because her complaint fails to include a short and plain statement showing that she is entitled to relief. And, again, the defendants are immune from suit. Lillie's claims are **denied** and this case is **dismissed**.

## IV. NOTICE OF POSSIBLE SANCTIONS

Filing frivolous federal lawsuits appears to be one of Lillie's hobbies. Prior to this current set of seven cases, she filed at least nine other cases in this district. Some of these were quickly dismissed at the initial review stage for failure to state a claim. *See, e.g., Lillie v. Focus on the Family, et al.,* C03-4122-DEO-PAZ, Doc. 2 (2003) (dismissing complaint on initial review because "plaintiff has failed to allege specific facts upon which personal jurisdiction over these defendants is based" and "failed to state facts sufficient for this court to make a determination as to whether or not she has stated an arguable basis for relief in law or in fact."); *Lillie v. Story Cnty., Iowa, et al.,* C03-4129-MWB, Doc. 2, 6 (2003) (dismissing complaint on initial review because "plaintiff has failed to allege specific facts sufficient for this court to make a determination as to whether or not she has stated an arguable basis for relief in law or in fact."); *Lillie v. Marriott Int'l Corp. , et al.,* C04-4064-DEO-PAZ, Doc. 2, 5, 7 (2004) (same). All of the remaining cases also were dismissed, including for failing to pay the filing fee or respond timely to court orders. *See Lillie v. Lillie,* C04-4002-DEO-PAZ (2005); *Lillie v. Woodbury County Clerks of Court, et al.,* C04-4122-DEO-PAZ, Doc. 4, 6 (2005); *Lillie v. Halcyon Ins. Co. , et al.,* C05-4118-DEO-PAZ, Doc. 3 (2005); *Lillie v. Welte, et al.,* C05-4118-DEO-PAZ, Doc. 6 (2005); *Lillie v. Weick, et al.,* C06-4014-DEO-PAZ, Doc. 3 (2006); *Lillie v. Rounds, et al.,* C15-4048-MWB-LTS, Doc. 3, 4 (2015) (dismissing case when plaintiff failed to either submit a motion to proceed in forma pauperis or pay the filing fee within 30 days of order).

Lillie has filed the seven current cases within the span of two months. All of them encompass conspiratorial theories and contain incomprehensible nonsense. They are

repetitive and marred by long, rambling narrative statements. Meaningless hyperbole, such as defendants are "waging war" on Lillie, will never be sufficient to state a claim for which relief can be granted. None of the current complaints contain a "short and plain statement of the claim" under Federal Rule of Civil Procedure 8(a)(2). Nor does Lillie attempt to tie individual defendants with specifical allegations of violations of her rights. Put another way, in none of her cases does she come close to making an allegation that could survive summary dismissal. Rather, she is simply using the court as a forum to publicize her views about various people and organizations.

Based on the forgoing, Lillie is put on notice that if she files further frivolous cases in this district, or cases that are dismissed at the initial review stage for failure to state a claim, she will be directed to show cause why she should not be sanctioned for abusing the judicial system. Sanctions could include monetary penalties and restrictions on her ability to file new cases in this district.[4]

## V. CONCLUSION

For the reasons set forth herein:

1. Each of Lillie's motions to proceed in forma pauperis (C22-4012-LTS, Doc. 1; C22-4016-LTS, Doc. 1; C22-4017-LTS, Doc. 1; C22-4019-LTS,

---

[4] I have both inherent and statutory authority to impose such sanctions:

> A district court possess inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *accord Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002); *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir.1998); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993); *Gillette Foods Inc. v. Bayernwald–Fruchteverwertung, GmbH*, 977 F.2d 809, 813–14 (3d Cir. 1992). I also note that Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions on attorneys and parties who bring repeated frivolous lawsuits. *See Yan Zhang v. Equity Props. Trust*, 313 Fed. App'x 926, 927 (8th Cir.2009); *Stilley v. James*, 48 Fed. App'x 595, 597 (8th Cir.2002).

*Urban v. Sells*, No. C14-4025-MWB, 2014 WL 3809977, at *13 (N.D. Iowa Aug. 1, 2014).

Doc. 1; C22-4020-LTS, Doc. 1; C22-4024-LTS, Doc. 1; and C22-4027-LTS, Doc. 1) to proceed in forma pauperis is **granted.**

2. The Clerk's office is directed to file each complaint (C22-4012-LTS, Doc. 1-1; C22-4016-LTS, Doc. 1-1; C22-4017-LTS, Doc. 1-1; C22-4019-LTS, Doc. 1-1; C22-4020-LTS, Doc. 1-1; C22-4024-LTS, Doc. 1-1; and C22-4027-LTS, Doc. 1-1) without the prepayment of fees.

3. For the reasons set out above, all seven complaints are **denied** for failing to state a claim: C22-4012-LTS, Doc. 1-1; C22-4016-LTS, Doc. 1-1; C22-4017-LTS, Doc. 1-1; C22-4019-LTS, Doc. 1-1; C22-4020-LTS, Doc. 1-1; C22-4024-LTS, Doc. 1-1; and C22-4027-LTS, Doc. 1-1. Those cases are hereby **dismissed**.

4. Lillie's motion for a preliminary injunction (C22-4012-LTS, Doc. 3) is **denied as moot**.

**IT IS SO ORDERED.**

**DATED** this 18th day of May, 2022.

_____
Leonard T. Strand, Chief Judge